IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00708-WDM

SHEILA MITCHELL,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., et al.,

    Defendants.

_____

**ORDER**
_____

    This matter is before me on the plaintiff's Motion to Vacate Order of Dismissal and Accept for Filing Plaintiff's Complaint. Two defendants have responded, but a third, Qwest Communications International, Inc. (Qwest), has not.

    This issue arises because plaintiff filed a single-spaced complaint in violation of D.C.Colo.LCivR 10.1E. Pursuant to minute order, plaintiff was directed to file a complaint complying with local rules or the complaint would be stricken. When plaintiff failed to meet that deadline, a show cause order was issued for plaintiff to explain why she had not complied with the local rule or my order. When plaintiff did not timely respond, this matter was dismissed pursuant to D.C.Colo.LCivR 41.1. Although intended to be a dismissal without prejudice, plaintiff points out that in effect the dismissal is with prejudice because a new filing would be beyond the applicable statute of limitations for her Title VII claim.

The plaintiff's motion is made pursuant to Fed. R. Civ. P. 60(b). I agree with the plaintiff that the policy of the Tenth Circuit is to permit the resolution of cases on their merits and dismissal with effective prejudice should not be granted except in limited circumstances. The appropriate standard requires me to consider at least three factors: (1) degree of prejudice suffered by defendant; (2) the extent of the interference with judicial process; and (3) the culpability of the litigant seeking relief. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988). In considering these factors I find little if any actual prejudice being suffered by any defendant and do note that Qwest, the principal defendant, does not object to the original motion. The interference with the judicial process is comparatively slight. The one factor that does weigh against the plaintiff is her culpability. She ignored two court orders and seemingly only deigned to give this matter any attention upon actual dismissal. Nevertheless, given our judicial's system's "strong predisposition to resolve cases on their merits," 857 F.2d at 1396, I conclude that dismissal with prejudice is not appropriate as the totality of the improper conduct does not justify the severe sanction of dismissal.

Accordingly, plaintiff's motion is granted; it is ordered that my May 23, 2006 order

2

of dismissal is vacated and plaintiff's complaint, tendered May 24, 2006, is accepted as an amended complaint to replace the original complaint filed on April 14, 2006.

DATED at Denver, Colorado, on August 21, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge